PER CURIAM.
The Appellant, Pearl Marie Croft, was convicted by a jury of attempted first-degree murder. She was sentenced to life imprisonment and designated a prison re-leasee reoffender. In this direct appeal, Croft challenges the legality of her sentence. She does not contest the PRR designation. Rather, she argues that the offense should have been classified as a first-degree felony, not a life felony. We agree and reverse.
The arguments at the hearing on Croft’s rule 3.800(b)[1] motion centered around whether there was a valid basis for reclassifying the offense under section 775.087, Florida Statutes. The arguments on appeal maintain that focus. However, we think the record is clear that the parties and the court were, at the time of sentencing, simply mistaken as to the degree of the offense. That is, they were operating under the assumption that attempted murder is a life felony, when that offense is *1152 actually a first-degree felony, punishable by a maximum of 30 years’ imprisonment. See §§ 775.082, 777.04(4)(b), 782.04(l)(a), Fla. Stat. (2008). Having thoroughly considered the matter, we also conclude there was no valid basis for reclassification in this case, particularly in the absence of a special verdict reflecting sufficient findings by the jury.
Accordingly, the life sentence imposed for attempted first-degree murder is reversed. The cause is remanded for resen-tencing on that count, consistent with this opinion. The judgment and sentence are affirmed in all other respects.
AFFIRMED in part; REVERSED in part; and REMANDED for resentencing.
MONACO, C.J., EVANDER and JACOBUS, JJ, concur.

. Fla. R.Crim. P. 3.800(b).