DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**NEVILLE BAKER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D11-4635

[December 3, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Matthew I. Destry, Judge; L.T. Case No. 09-20305 CF10A.

Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mark J. Hamel, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

We affirm appellant's conviction for attempted first degree murder and kidnapping with a firearm. We find no merit in his claim that the court erred in denying his motion to suppress based upon an invalid search warrant which relied on an anonymous source. Under the totality of the circumstances, the magistrate had sufficient probable cause to issue the warrant. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). Here, in addition to the anonymous source, there was other verified information upon which the magistrate could rely. Appellant also claims that the court erred in preventing an expert's use of a PowerPoint presentation, but no proffer was made of the presentation. In any event, the trial court prevented its use, because the state had never been notified of it prior to the expert testifying. The court did not abuse its discretion. Finally, no error occurred when the trial court allowed a detective to testify that a gun could fit into a bag held by appellant and observed on a surveillance video.

The trial court sentenced appellant to life in prison for attempted first degree murder and, consecutively, to life in prison for kidnapping. The state concedes that it was error to sentence appellant to life for attempted first degree murder because attempted first degree murder is a first degree felony punishable by imprisonment for thirty years. *See* §§ 775.082, 777.04(4)(b), Fla. Stat. (2009); *see also Croft v. State,* 60 So. 3d 1151, 1152 (Fla. 5th DCA 2011) (holding that attempted first degree murder is a first degree felony, not a life felony, and that it is punishable by a maximum of thirty years' imprisonment). We thus reverse appellant's sentence on attempted first degree murder and remand for resentencing on that charge.

*Affirmed in part and reversed in part and remanded.*

WARNER, MAY and CONNER, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***

2